972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES DEPARTMENT OF JUSTICE, Immigration &
Naturalization Service, U.S. Border Patrol Western
Region, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent,
American Federation of Government Employees, AFL-CIO,
Respondent-Intervenor.
FEDERAL LABOR RELATIONS AUTHORITY, Petitioner,
v.
UNITED STATES DEPARTMENT OF JUSTICE, Immigration &
Naturalization Service, U.S. Border Patrol Western
Region, Respondent.
 Nos. 91-70602, 91-70259.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 22, 1992.
Decided Aug. 17, 1992.
 
 Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is a petition by the Immigration and Naturalization Service to review a negotiability proceeding conducted pursuant to 5 U.S.C. § 7117(c) by the Federal Labor Relations Authority (FLRA). In that proceeding, the FLRA found to be negotiable certain bargaining proposals of the American Federation of Government Employees, National Border Patrol Council, the recognized exclusive bargaining agent for INS border patrol agents. 39 FLRA 675 (No. 55) (1991). The FLRA ordered bargaining on the proposals and now cross-petitions for enforcement of its order.[1] The union itself, which was an intervenor in the administrative proceedings, has not appeared in this court.
 
 
 3
 This dispute has its genesis in a 1989 decision by the INS to recall to their San Diego home station 45 border patrol agents whom it had assigned to a special detail in McAllen, Texas. The decision cut short the detail, originally scheduled to continue for 30 days. The union first demanded that the detail not be recalled early and then demanded the INS bargain over "appropriate arrangements" to mitigate the impact on agents adversely affected by the INS's recall decision. 5 U.S.C. § 7106(b)(3) permits such bargaining whenever an agency takes a unilateral action which adversely affects the conditions of it workers' employment.
 
 
 4
 The INS disregarded union requests that it maintain the status quo pending bargaining and recalled the detail on March 31, 1989. The union and the INS had various discussions over the matter, but apparently failed to reach a satisfactory accommodation. On August 6, the union filed an unfair labor practice charge with the FLRA alleging that the INS had violated 5 U.S.C. §§ 7116(a)(1) and (2) by failing to bargain prior to the early termination of the McAllen detail. Perhaps because of the ambiguous nature of the INS's response to their request for bargaining, the union also submitted six specific proposals over which it sought to bargain. On November 21, the union filed a negotiability petition pursuant to 5 U.S.C. § 7117(c) in which it requested the FLRA to determine whether the proposals were negotiable.
 
 
 5
 The regulations under which the FLRA operates specifically contemplate that in such a situation, where a labor organization has filed both an unfair labor practice charge and a petition for negotiability review, the union should ordinarily select one procedure or the other to be pursued. See 5 C.F.R. §§ 2423.5 & 2424.5. In this case, the union made such an election, choosing to pursue the unfair labor practice charge. However, through a series of apparently inadvertent actions, that choice was ignored and the negotiability proceeding went forward. The FLRA eventually concluded, after reviewing the parties' conflicting interpretations of the proposals, that the proposals as interpreted by the FLRA were negotiable.
 
 
 6
 In this INS petition for review, both the FLRA and the INS recognize that no bargaining can go forward until there has been a determination or admission of a duty to bargain. The FLRA acknowledged as much during oral argument. In the event that it is determined that there is any duty to bargain, the nature of any actual bargaining that may take place will depend upon the scope and nature of that duty as defined on the basis of the administrative record developed in the unfair labor practice proceedings.
 
 
 7
 In these peculiar circumstances, it makes little sense for us to review a decision of the FLRA concerning specific proposals which may or may not be relevant at the conclusion of the unfair labor practice proceedings. Accordingly, the FLRA's petition for enforcement is dismissed, the INS's petition for review is granted, and the FLRA's "Decision and Order on Negotiability Issues" of February 15, 1991 is VACATED AND THE MATTER IS REMANDED for the resolution of any unfair labor practice proceeding that may be formally instituted. This panel shall retain jurisdiction of any further petitions for review to this court in this dispute.
 
 
 8
 Each party is to bear its own costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Following briefing, but before oral argument in this case, the FLRA sought to stay action on its petition pending resolution of the petition brought by the INS. We denied that motion in order to fully resolve the issues presented in this case. At oral argument, the FLRA stated that it would nevertheless not seek immediate enforcement of its order